(Slip Opinion) OCTOBER TERM, 2023 1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## CHIAVERINI ET AL. *v.* CITY OF NAPOLEON, OHIO, ET AL.

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

No. 23–50. Argued April 15, 2024—Decided June 20, 2024

This case involves a dispute between petitioner Jascha Chiaverini and police officers from Napoleon, Ohio. The officers charged Chiaverini, a jewelry store owner, with three crimes: receiving stolen property, a misdemeanor; dealing in precious metals without a license, also a misdemeanor; and money laundering, a felony. After obtaining a warrant, the police arrested Chiaverini and detained him for three days. But county prosecutors later dropped the case. Chiaverini, believing that his arrest and detention were unjustified, then sued the officers, alleging what is known as a Fourth Amendment malicious-prosecution claim under 42 U. S. C. §1983. To prevail on this claim, he had to show that the officers brought criminal charges against him without probable cause, leading to an unreasonable seizure of his person. The District Court, however, granted summary judgment to the officers, and the Court of Appeals for the Sixth Circuit affirmed. The Court of Appeals held that Chiaverini's prosecution was supported by probable cause. In holding this, the court did not address whether the officers had probable cause to bring the money-laundering charge. In its view, there was clearly probable cause to charge Chiaverini with the two misdemeanors. And so long as one charge was supported by probable cause, it thought, a malicious-prosecution claim based on any other charge must fail.

*Held*: The presence of probable cause for one charge in a criminal proceeding does not categorically defeat a Fourth Amendment malicious-prosecution claim relating to another, baseless charge. The parties, and the United States as *amicus curiae*, all agree with this conclusion, which follows from both the Fourth Amendment and traditional common-law practice.

Syllabus

Under the Fourth Amendment, a pretrial detention counts as an unreasonable seizure, and so is illegal, unless it is based on probable cause. See *Manuel* v. *Joliet*, 580 U. S. 357, at 364–369. Even when a detention is justified at the outset, moreover, it may become unreasonably prolonged if the reason for it lapses. *Rodriguez* v. *United States*, 575 U. S., 348, 354–357. So if an invalid charge causes a detention to start or continue, then the Fourth Amendment is violated. Bringing the invalid charge alongside a valid one does not categorically preclude this possibility. As the starkest possible example, consider a person detained on a drug offense supported by probable cause and a gun offense that is not. If the prosecutor drops the gun charge, leaving the person in jail on the drug charge alone, then the baseless charge has caused a constitutional violation by unreasonably extending the detention. The person should not be categorically barred from bringing a Fourth Amendment malicious-prosecution claim just because the baseless charge was brought along with a good one.

The same conclusion follows from the common-law principles governing malicious-prosecution suits. This Court has analogized claims like Chiaverini's to the common-law tort of malicious prosecution, and has explained that the tort can inform courts' understanding of this type of claim. *Thompson* v. *Clark*, 596 U. S. 36, 43–44. A plaintiff bringing a common-law malicious-prosecution suit had to show that an official initiated a charge without probable cause. But he did not have to show that *every* charge brought against him lacked an adequate basis. See, *e.g.*, *Barron* v. *Mason*, 31 Vt. 189, 198 (it was no "defen[s]e that there was probable cause for part of the prosecution").

These uncontested points suffice to doom the Sixth Circuit's categorical rule barring a Fourth Amendment malicious-prosecution claim if any charge is valid. Of course, a Fourth Amendment malicious-prosecution suit depends not just on an unsupported charge, but on that charge's causing a seizure—like the arrest and three-day detention here. The parties and *amicus curiae* offer three different views of how that causation element is met when a valid charge is also in the picture. But this issue is not properly before the Court, so the Sixth Circuit should address it on remand. Pp. 4–8.

Vacated and remanded.

KAGAN, J., delivered the opinion of the Court, in which ROBERTS, C. J., and SOTOMAYOR, KAVANAUGH, BARRETT, and JACKSON, JJ., joined. THOMAS, J., filed a dissenting opinion, in which ALITO, J., joined. GORSUCH, J., filed a dissenting opinion.

NOTICE: This opinion is subject to formal revision before publication in the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, pio@supremecourt.gov, of any typographical or other formal errors.

# SUPREME COURT OF THE UNITED STATES

————

No. 23–50

————

## JASCHA CHIAVERINI, ET AL., PETITIONERS *v.* CITY OF NAPOLEON, OHIO, ET AL.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

[June 20, 2024]

JUSTICE KAGAN delivered the opinion of the Court.

This case involves what is often called a Fourth Amendment malicious-prosecution claim under 42 U. S. C. §1983. To succeed on such a claim, a plaintiff must show that a government official charged him without probable cause, leading to an unreasonable seizure of his person. See *Thompson* v. *Clark*, 596 U. S. 36, 43, and n. 2 (2022). The question presented here arises when the official brings multiple charges, only one of which lacks probable cause. Do the valid charges insulate the official from a Fourth Amendment malicious-prosecution claim relating to the invalid charge? The answer is no: The valid charges do not create a categorical bar. We leave for another day the follow-on question of how to determine in those circumstances whether the baseless charge caused the requisite seizure.

I

This dispute began with a set of peculiar interactions between a jewelry store owner and police officers in Napoleon, Ohio. See generally App. to Pet. for Cert. 2a–7a. The jeweler, Jascha Chiaverini, bought a ring for $45 from a (petty) jewel thief. The ring's rightful owners found out about the

sale, and asked Chiaverini to return their property. Chiaverini said no, so the owners contacted the police. Two officers, on a later visit to the store, directed Chiaverini to surrender the ring to its owners. But Chiaverini refused their request too, saying that it contradicted a letter he had just received from the police department telling him to retain the ring as evidence. And when repeating his refusal to another officer the next day, Chiaverini suggested (for reasons unclear) that he was operating his store without a license. The result of that (shall we say, unprofitable) exchange was that the police turned their attention from the original theft to Chiaverini's business.

Soon afterward, the officers launched a criminal proceeding against Chiaverini in municipal court. They filed three complaints, each charging him with a separate offense. Two were misdemeanors: receiving stolen property and dealing in precious metals without a license. The third was a felony: money laundering. To support their accompanying application for an arrest warrant, the officers submitted an affidavit making the case for probable cause on all three charges, but focusing on the felony. See App. 16–17. For that charge to succeed, Chiaverini must have known when he bought the ring that the transaction involved the proceeds of unlawful activity. See Ohio Rev. Code Ann. §1315.55(a)(1) (Lexis 2016). In support of that element, the officers averred that Chiaverini always suspected the ring was stolen. The judge issued the requested warrant, and the officers arrested Chiaverini. He remained in custody for three days, until his arraignment. At a later preliminary hearing, the judge heard testimony about the evidence supporting the officers' probable-cause allegations. See App. to Pet. for Cert. 6a–7a. The officers maintained that Chiaverini had admitted in their interview to suspecting the ring was stolen; Chiaverini denied making any such statement. At the hearing's conclusion, the judge again found probable cause, and set the three charges for trial.

The county prosecutors, though, decided that they had higher priorities. They failed to present the case to a grand jury in the required time. The court therefore dismissed the charges.

But Chiaverini decided not to let matters lie. After all, he had been arrested and held for three days, he thought unjustifiably. So he sued the officers under §1983, alleging what is known as a Fourth Amendment claim for malicious prosecution. To prevail on that claim, he had to show (among other things) that the officers brought criminal charges against him without probable cause. See *Thompson*, 596 U. S., at 43–44. In addressing that issue, he gave special attention to the felony charge for money laundering. According to Chiaverini, the officers lacked probable cause for that charge for two reasons. First, they had no reason to think he knew the ring was stolen; indeed, he said, their claim that he had admitted as much was an out-and-out lie. And second, they could not show—as, in his view, Ohio law required—that the ring was worth more than $1,000; its value was far less, more in line with its $45 purchase price. So Chiaverini concluded that his suit satisfied the "without probable cause" element of a Fourth Amendment malicious-prosecution claim.

After the District Court granted summary judgment to the officers, the Court of Appeals for the Sixth Circuit affirmed. It did so without addressing either of Chiaverini's arguments about the felony charge's basis. In the Sixth Circuit's view, there was clearly probable cause to support the two misdemeanor charges the officers had filed. See App. to Pet. for Cert. 11a–16a. And because that was true, the court thought, the validity of the felony charge did not matter. "So long as probable cause supports at least one charge against Chiaverini (like his receipt-of-stolen-property violation)," then his malicious-prosecution claim "based on other charges (like his money-laundering charge) also fail[s]." *Id.*, at 10a. Or said another way, a single valid charge in a

proceeding would insulate officers from a Fourth Amendment malicious-prosecution claim relating to any other charges, no matter how baseless.

In taking that position, the Sixth Circuit stepped out on its own. Three other Courts of Appeals have held that the presence of probable cause for one charge does not automatically defeat a Fourth Amendment malicious-prosecution claim alleging the absence of probable cause for another charge. See *Williams* v. *Aguirre*, 965 F. 3d 1147, 1159–1162 (CA11 2020); *Johnson* v. *Knorr*, 477 F. 3d 75, 83–85 (CA3 2007); *Posr* v. *Doherty*, 944 F. 2d 91, 100 (CA2 1991). We granted certiorari to resolve that circuit split, 601 U. S. ___ (2023), and we now vacate the decision below.

## II

Section 1983 enables an individual to recover damages from a state or local official for the deprivation of a constitutional right. Such a suit is of course premised on a constitutional violation. But its elements and rules may also be shaped by common-law tort principles, against whose backdrop §1983 was enacted. See *Manuel* v. *Joliet*, 580 U. S. 357, 370 (2017). To determine the precise contours of a constitutional claim under §1983, we have held, a court should identify the "most analogous" common-law tort to the constitutional harm alleged. *Ibid.* And the court should incorporate that tort's requirements to the extent consistent with "the values and purposes of the constitutional right at issue." *Ibid.*; *Thompson*, 596 U. S., at 43.

The claim Chiaverini brought—a Fourth Amendment malicious-prosecution claim—emerged from that method. The constitutional violation alleged in such a suit is a type of unreasonable seizure—an arrest and detention of a person based on a criminal charge lacking probable cause. In *Thompson* v. *Clark*, we analogized a suit alleging that Fourth Amendment wrong to the common-law tort of malicious prosecution. See *id.*, at 43–44. The "gravamen" of

both, we reasoned, is "the wrongful initiation of charges without probable cause" (though in the Fourth Amendment context, those charges must cause a seizure as well). *Id.*, at 43, and n. 2. Because of that similarity, the malicious-prosecution tort can inform a court's understanding of the kind of claim Chiaverini has brought.

The question here is whether a Fourth Amendment malicious-prosecution claim may succeed when a baseless charge is accompanied by a valid charge. The Court of Appeals, as described above, answered that question with a categorical no: Even if the felony count lacked probable cause, the Sixth Circuit held, Chiaverini could not recover because the misdemeanor counts were adequately supported. See *supra*, at 3–4. But a funny thing happened on the way to this Court. The officers now agree with Chiaverini that there is no such flat bar. See Brief for Officers 24–27; Brief for Chiaverini 2–3. And the United States as *amicus curiae* also argues that the Sixth Circuit rule is wrong. See Brief for United States 10. We agree with them all. Consistent with both the Fourth Amendment and traditional common-law practice, courts should evaluate suits like Chiaverini's charge by charge.

Consider first how that result follows from established Fourth Amendment law. Under that Amendment, a pretrial detention (like the one Chiaverini suffered) must be based on probable cause. See *Manuel*, 580 U. S., at 364–369 . Otherwise, such a detention counts as an unreasonable seizure. And even when a detention is justified at the outset, it may become unreasonably prolonged if the reason for it lapses. See *Rodriguez* v. *United States*, 575 U. S. 348, 354–357 (2015). So if an invalid charge—say, one fabricated by police officers—causes a detention either to start or to continue, then the Fourth Amendment is violated. And that is so even when a valid charge has also been brought (although, as soon noted, that charge may well complicate the causation issue, see *infra*, at 7). Take the

starkest possible example. A person is detained on two charges—a drug offense supported by probable cause and a gun offense built on lies. The prosecutor, for whatever reason, drops the (valid) drug charge, leaving the person in jail on the (invalid) gun charge alone. The inclusion of the baseless charge—though brought along with a good charge—has thus caused a constitutional violation, by unreasonably extending the pretrial detention. Even the Napoleon officers agree, offering a similar example. See Brief for Officers 25; see also Brief for United States 17–18. So the bringing of one valid charge in a criminal proceeding should not categorically preclude a claim based on the Fourth Amendment.

And the same conclusion follows from the common-law principles governing malicious-prosecution suits when §1983 was enacted. As noted above, a plaintiff in such a suit had to show that an official initiated a charge without probable cause. See *Thompson*, 596 U. S., at 44; *supra*, at 4–5. He did not have to show, however, that *every* charge brought against him lacked an adequate basis. Rather, courts in that era assessed probable cause charge by charge. "[I]f groundless charges" are "coupled with others which are well founded," explained one State Supreme Court, the groundless ones could still "constitute a valid cause of action." *Boogher* v. *Bryant*, 86 Mo. 42, 49 (1885). Another agreed: It was no "defen[s]e that there was probable cause for part of the prosecution." *Barron* v. *Mason*, 31 Vt. 189, 198 (1858). Or as a leading treatise from the era summarized the rule: "It is not necessary that the whole proceedings be utterly groundless." 2 S. Greenleaf, Law of Evidence 400 (10th ed. 1868); see 1 F. Hilliard, Law of Torts or Private Wrongs §1, p. 435, n. (*b*) (4th ed. 1874). One bad charge, even if joined with good ones, was enough to satisfy the malicious-prosecution tort's "without probable cause" element.

All that dooms the Sixth Circuit's categorical rule barring a Fourth Amendment malicious-prosecution claim if any

charge is valid. That rule receives support from neither half of the claim's name—neither from the Fourth Amendment nor from the malicious-prosecution tort we have invoked as an analogy. And the question is not close, as shown by the parties' decision not to contest it in this Court.

The parties, almost needless to say, have found a substitute ground of disagreement, involving the element of causation. As noted earlier, a Fourth Amendment malicious-prosecution suit depends not just on an unsupported charge, but on that charge's causing a seizure—like the arrest and three-day detention here. See *supra*, at 4–5. The parties and *amicus curiae* offer three different views of how that causation element is met when a valid charge is also in the picture. Chiaverini's test is the easiest to satisfy. On his view, when both valid and invalid charges are brought before a judge for a probable cause determination, the warrant the judge issues is irretrievably tainted; so any detention depending on that warrant is the result of the invalid charge. See Reply Brief 10–11 (citing *Williams*, 965 F. 3d, at 1165); Tr. of Oral Arg. 5–6, 26–28. The United States disagrees, arguing for the use of a but-for test to discover whether the invalid charge, apart from the valid ones, caused a detention. See *id.*, at 41–43. The question then would be whether the judge "in fact [would] have authorized" the detention had the invalid charge not been present. *Id.*, at 43. And finally, the officers urge a still stricter test. In their view, the question is whether the judge, absent the invalid charge, *could* have legally authorized the detention—regardless of what he really *would* have done. See Brief for Officers 20–21.

But that new dispute is not now fit for our resolution. The test for finding causation is no part of the question we agreed to review. For that reason, it was not fully briefed. And most important, the court below did not address the matter, nor have many others. "[W]e are a court of review, not of first view." *Cutter* v. *Wilkinson*, 544 U. S. 709, 718,

n. 7 (2005). So we leave the causation question in the hands of the Sixth Circuit, as it further considers Chiaverini's Fourth Amendment malicious-prosecution claim.

We accordingly vacate the judgment of the Court of Appeals and remand the case for further proceedings consistent with this opinion.

*It is so ordered.*

# SUPREME COURT OF THE UNITED STATES

_____

No. 23–50

_____

## JASCHA CHIAVERINI, ET AL., PETITIONERS
*v.* CITY OF NAPOLEON, OHIO, ET AL.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE SIXTH CIRCUIT

[June 20, 2024]

JUSTICE THOMAS, with whom JUSTICE ALITO joins, dissenting.

Jascha Chiaverini sued several city officials for damages under 42 U. S. C. §1983. He alleged that they violated his Fourth Amendment rights by subjecting him to a malicious prosecution. I continue to adhere to my belief that a "malicious prosecution claim cannot be based on the Fourth Amendment." *Manuel* v. *Joliet*, 580 U. S. 357, 378 (2017) (ALITO, J., joined by THOMAS, J., dissenting). Accordingly, I would affirm the dismissal of Chiaverini's claim.

To raise a successful claim under §1983, a plaintiff must allege the deprivation of "rights, privileges, or immunities secured" to him by the Constitution. 42 U. S. C. §1983. "In order to flesh out the elements of th[e alleged] constitutional tort," the Court generally analogizes to common-law torts. *Manuel*, 580 U. S., at 378 (opinion of ALITO, J.); see also *Heck* v. *Humphrey*, 512 U. S. 477, 483–484 (1994). In this case, Chiaverini claims that he was seized without probable cause in violation of the Fourth Amendment. Chiaverini principally relies on this Court's decision in *Thompson* v. *Clark*, 596 U. S. 36 (2022), to argue that the appropriate tort analog for this claim is malicious prosecution. In *Thompson*, the Court held that malicious prosecution, a tort addressing "the wrongful initiation of charges without probable cause," is most analogous to a Fourth

Amendment unreasonable-seizure claim.  *Id.*, at 43.

*Thompson* was wrongly decided.  A malicious-prosecution claim bears little resemblance to an unreasonable seizure under the Fourth Amendment.  Consider what is required to establish a claim of malicious prosecution.  A plaintiff must show that "(i) the suit or proceeding was 'instituted without any probable cause'; (ii) the 'motive in instituting' the suit 'was malicious,' . . . ; and (iii) the prosecution 'terminated in the acquittal or discharge of the accused.'"  *Id.*, at 44 (quoting T. Cooley, Law of Torts 181 (1880)).  These elements have no overlap with what is required to establish a Fourth Amendment seizure violation.

First, an unreasonable seizure can occur without any prosecution—for instance, if a person "is arrested without probable cause" and "released before any charges are filed."  596 U. S., at 51–52 (ALITO, J., dissenting).  Second, an unreasonable seizure does not depend on the seizing official's motives.  "[W]hile subjective bad faith, *i.e.*, malice, is the core element of a malicious prosecution claim, it is firmly established that the Fourth Amendment standard of reasonableness is fundamentally objective."  *Manuel*, 580 U. S., at 379 (opinion of ALITO, J.).  Thus, "[i]f a law enforcement officer makes an arrest *without* probable cause, the arrest is unreasonable and therefore unconstitutional even if the officer harbors no ill will for the arrestee.  Likewise, if an officer makes an arrest *with* probable cause, there is no Fourth Amendment violation regardless of the 'actual motivations of the individual officers involved.'"  *Thompson*, 596 U. S., at 52 (opinion of ALITO, J.) (quoting *Whren* v. *United States*, 517 U. S. 806, 813 (1996)).  Third, an unreasonable seizure violates the Constitution regardless of how any subsequent prosecution is resolved.  See *Manuel*, 580 U. S., at 379 (opinion of ALITO, J.).

Nor is an unreasonable seizure necessary to prove a malicious-prosecution claim.  A malicious prosecution can occur without any seizure at all.  For example, "[t]here are

cases in which defendants charged with nonviolent crimes agree to appear for arraignment and are then released pending trial on their own recognizance. These defendants . . . may bring a common-law suit for malicious prosecution . . . , but they are not seized." *Thompson*, 596 U. S., at 52–53. And, "since a malicious-prosecution claim does not require a seizure, it obviously does not require proof that the person bringing suit was seized without probable cause." *Id.*, at 53.

Malicious prosecution is therefore not an appropriate tort analog for a §1983 claim alleging a seizure in violation of the Fourth Amendment. The Court has never provided a fulsome explanation for why it has concluded otherwise. When the Court first recognized a malicious-prosecution claim under the Fourth Amendment in *Thompson*, it essentially adopted the holdings of certain lower courts. *Id.*, at 43. The Court offered two meager sentences to justify doing so. It reasoned that "the gravamen of the Fourth Amendment claim for malicious prosecution . . . is the wrongful initiation of charges without probable cause. And the wrongful initiation of charges without probable cause is likewise the gravamen of the tort of malicious prosecution." *Ibid.* That is incorrect. A malicious-prosecution claim protects against the malicious initiation of charges, but the Fourth Amendment protects against unreasonable searches and seizures—it does not matter whether the official acted with malice or charges are ever initiated. See *id.*, at 54–55 (opinion of ALITO, J.). Today, the Court rests solely on *Thompson*'s mistaken reasoning to conclude that Chiaverini can raise his claim. See *ante*, at 4–5.

The Court's decision to forge ahead with combining the malicious-prosecution and Fourth Amendment frameworks will inevitably create confusion. As I have explained, an unreasonable seizure under the Fourth Amendment requires a seizure; a malicious-prosecution claim does not.

*Supra*, at 2. To resolve this mismatch, the Court has decided that a plaintiff must show that a malicious prosecution caused an unreasonable seizure. See *Thompson*, 596 U. S., at 43, n. 2; *ante*, at 1, 7. While that grafting solved one problem, it created several more. Because the Court has mixed two distinct legal frameworks, it is unclear what doctrines actually govern its requirement that a malicious prosecution cause a seizure. For example, if a plaintiff has multiple charges, how does a court determine whether a particular unfounded charge caused the seizure? See *ante*, at 7 (listing three possible causation theories). What type of evidence is relevant? See Brief for Petitioners 40 (arguing that Chiaverini would not have been seized absent the unfounded charge since a similar defendant with a credible charge was not seized). And, what happens if an unfounded charge merely changes the *nature* of the seizure? See Brief for United States as *Amicus Curiae* 18 (arguing that an unfounded charge causes a seizure if it results in a more forceful arrest). The Court's claim for malicious prosecution under the Fourth Amendment requires resolving these questions and more. To date, the Court has offered little guidance on how to do so.* And, because the claim at issue is the Court's own creation, lower courts cannot turn to the common law or Fourth Amendment doctrine for answers. Instead, they are left to make their best guess at how the Court would define its novel claim.

I would take a far simpler course. Instead of forcing a square peg into a round hole by judging an unreasonable

——————
*The Court purports to offer some guidance today by rejecting the Sixth Circuit's "categorical rule barring a Fourth Amendment malicious-prosecution claim if any charge is valid." *Ante*, at 6–7. But, it is not clear that the Sixth Circuit even has such a rule. See *Howse* v. *Hodous*, 953 F. 3d 402, 409, n. 3 (2020) (recognizing that the underlying inquiry is whether an unfounded charge "change[s] the nature of the seizure"); see 2023 WL 152477, *4 (Jan. 11, 2023) (citing *Howse*). It is thus unclear what, if any, doctrinal progress today's decision makes.

Thomas, J., dissenting

seizure based on the malicious-prosecution tort, I would "hold that a malicious-prosecution claim may not be brought under the Fourth Amendment." *Thompson*, 596 U. S., at 60 (opinion of Alito, J.). I respectfully dissent.

# SUPREME COURT OF THE UNITED STATES

_____

No. 23–50

_____

## JASCHA CHIAVERINI, ET AL., PETITIONERS *v.* CITY OF NAPOLEON, OHIO, ET AL.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE SIXTH CIRCUIT

[June 20, 2024]

JUSTICE GORSUCH, dissenting.

Section 1983 performs vital work by permitting individuals to vindicate their constitutional rights in federal court. But it does not authorize this Court to expound new rights of its own creation. As this Court has put it, §1983 does not turn the Constitution into a "'"font of tort law."'" *Albright* v. *Oliver*, 510 U. S. 266, 284 (1994) (Kennedy, J., concurring in judgment) (quoting *Parratt* v. *Taylor*, 451 U. S. 527, 544 (1981)).

Despite that settled rule, the Court today doubles down on a new tort of its own recent invention—what it calls a "Fourth Amendment malicious-prosecution" cause of action. *Ante*, at 1; see *Thompson* v. *Clark*, 596 U. S. 36, 43–44 (2022). Respectfully, it is hard to know where this tort comes from. Stare for as long as you like at the Fourth Amendment and you won't see anything about prosecutions, malicious or otherwise. Instead, the Amendment provides that "[t]he right of the people to be secure . . . against unreasonable searches and seizures, shall not be violated."

As its language suggests, the Fourth Amendment supplies nothing like a common-law claim for malicious prosecution. *Ante,* at 2 (THOMAS, J., dissenting); see *Cordova* v. *Albuquerque*, 816 F. 3d 645, 662–663 (CA10 2016) (Gorsuch, J., concurring in judgment). Just consider some of the differences. This Court has long held that the touchstone

of the Fourth Amendment is objective reasonableness. But a common-law malicious-prosecution claim focuses on the defendant's subjective intent. *Ante*, at 2 (opinion of THOMAS, J.). The Fourth Amendment addresses the permissibility of a seizure. But a common-law malicious-prosecution claim can (and usually does) proceed without one. *Ante*, at 2–3. A seizure in violation of the Fourth Amendment can (and often does) take place without the initiation of any judicial process. But the whole point of a malicious-prosecution claim is to contest the appropriateness of past judicial proceedings. *Ante*, at 2. For all these reasons, it's "pretty hard to see how you might squeeze anything that looks quite like the common law tort of malicious prosecution into the Fourth Amendment." *Cordova*, 816 F. 3d, at 663 (opinion of Gorsuch, J.).

That is not to say no constitutional hook exists for a §1983 claim addressing the malicious use of process. Rather, it seems to me only that such a claim would be more properly housed in the Fourteenth Amendment. See *Albright*, 510 U. S., at 283 (opinion of Kennedy, J.). After all, unlike the Fourth Amendment, that provision does focus on judicial proceedings, guaranteeing those who come before our courts "due process" of law. See *ibid.*; *Thompson*, 596 U. S., at 43, n. 2; *Cordova*, 816 F. 3d, at 662 (opinion of Gorsuch, J.). Inhering in due process is a promise that courts will respect, at the least, those "customary procedures to which freemen were entitled by the old law of England." *Sessions* v. *Dimaya*, 584 U. S. 148, 176 (2018) (GORSUCH, J., concurring in part and concurring in judgment) (internal quotation marks omitted). And the common law has long recognized a tort of malicious prosecution to protect against the abuse of judicial proceedings. *Albright*, 510 U. S., at 283 (opinion of Kennedy, J.).

Admittedly, a procedural due process claim for malicious prosecution may come with its own set of limitations. After

all, when a State provides exactly the tort claim the plaintiff seeks, it provides him with all the process he is due. See *id.*, at 284; *Cordova*, 816 F. 3d, at 662 (opinion of Gorsuch, J.). And, consistent with the common law, many States recognize claims for malicious prosecution. Indeed, the relevant State here (Ohio) permits such a cause of action. Notably, too, unlike the tort this Court seeks to cobble together under the aegis of the Fourth Amendment, Ohio's tort does not require a plaintiff to prove that he was seized. Compare *Trussell* v. *General Motors Corp.*, 53 Ohio St. 3d 142, 145–146, 559 N. E. 2d 732, 735–736 (1990), with *ante*, at 1 (majority opinion). Of course, should a State fail to provide a malicious-prosecution claim to secure his procedural due process rights, or a fair forum for entertaining such a claim, a federal court may need to act to vindicate §1983 and the promise of procedural due process. *Cordova*, 816 F. 3d, at 665 (opinion of Gorsuch, J.). But in many cases (this one included), a State malicious-prosecution claim may be both easier for a plaintiff to prove than anything the Court today provides and sufficient to ensure any process he is due. *Albright*, 510 U. S., at 285–286 (opinion of Kennedy, J.); *Cordova*, 816 F. 3d, at 662 (opinion of Gorsuch, J.).

For these reasons, I respectfully dissent.